## STATE EX REL. TRI-STATE TELEPHONE & TELEGRAPH COMPANY v. JULIUS A. SCHMAHL.[1]

May 26, 1916.

Nos. 19,902—(255).

**Foreign corporation — fee to be paid upon increase of capital stock.**

General Statutes 1913, § 6207, providing that a foreign corporation shall, upon coming into the state to do business, pay a fee represented by its property and business in this state, and upon an increase of its capital stock it shall pay a fee of five dollars for every $10,000 "of such increase of said proportion of capital stock," means that, upon an increase of the capital stock the foreign corporation shall pay a fee based upon the proportion of the increased capital used in this state.

Upon the relation of the Tri-State Telephone & Telegraph Company, the district court for Ramsey county granted its alternative writ of *mandamus* commanding Julius A. Schmahl, as secretary of the state of Minnesota, to accept and file the affidavit presented by the relator upon the payment of the sum of $1,920 and to issue to relator the usual certificate un-

[1] Reported in 157 N. W. 1082.

der the statute according to the rules of his office, or show cause why he had not done so. Respondent made answer and the matter was heard before Brill, J., who ordered that the alternative writ should be made absolute. From the judgment entered pursuant to the order for judgment, respondent appealed. Affirmed.

*Lyndon A. Smith,* Attorney General, and *James E. Markham,* Assistant Attorney General, for appellant.

·*Harlan P. Roberts* and *C. B. Randall,* for respondent.

HALLAM, J.

The Tri-State Telephone & Telegraph Company is a corporation organized under the laws of the state of Maine. The company has for some years transacted business in Minnesota. The laws of this state provide that "every * * * foreign corporation * * * doing business within this state, shall file with the secretary of state a copy of its charter or certificate or articles of incorporation, * * * and * * * a statement * * * showing the proportion of the capital stock of said corporation which is represented by its property located and business transacted in this state; and such corporation shall pay into the state treasury fifty dollars for the first fifty thousand dollars or fraction thereof of such proportion of capital stock, and the further sum of five dollars for every additional ten thousand dollars or fraction thereof of such proportion of capital stock." G. S. 1913, § 6207.

In September, 1903, the company filed with the secretary of state of Minnesota its certificate of incorporation, together with a statement showing that its capital stock was $6,000,000, and that the proportion of its capital stock represented by its property located and business transacted in this state was $50,000, and it accordingly paid into the state treasury a fee of $50.

In 1914, the company increased its capital stock to $10,000,000. The section of the statute above quoted further provides that "no increase of the capital stock of any such corporation shall be valid or effectual until the corporation shall have paid into the state treasury five dollars for every ten thousand dollars or fraction thereof of such increase of said proportion of capital stock of such corporation."

On October 2, 1914, the company filed an affidavit showing this in-

crease and a statement to the effect that 96 per cent of all the property owned by the corporation is now in use in Minnesota, and that 96 per cent of its entire business is transacted in this state.

The question arises as to the meaning of the statute last above quoted. The company contends that the statute required it to pay a fee based only upon 96 per cent of the increase in its capitalization. The state's contention is that a foreign corporation admitted to do business in this state whenever it increases its capital stock must submit a new statement showing the amount of its capital stock presently employed and the amount of its business presently done in this state, and must pay the prescribed fee upon the basis of the percentage of its entire capital stock, old as well as new, employed in the conduct of its business in this state at the time of such new statement.

The language of the statute is crude and not well chosen. But it does not seem possible to construe it as the state contends. A provision of the statute for a readjustment from time to time of the fee paid by foreign corporations upon increase of its original capital stock would be reasonable, but the statute does not so provide. A provision for an increase of the fee to be paid to the state whenever there is an increase of the proportion of its capital stock used in this state, might well be required. But the statute does not require it. The legislature has seen fit to make a law which requires a foreign corporation when it comes into the state to pay a fee based upon the proportion of its capital stock then used in the state, and has imposed no requirement of an additional fee upon increase of the proportion of its original capital stock so used. The language of the provision plainly intended to deal only with cases of increase of capital stock and the increase of fees incident thereto. We construe the statute as requiring a foreign corporation, upon increase of its capital stock, to pay an additional fee based upon the proportion of the increase used in this state, and upon that only.

Judgment affirmed.