## STATE EX REL. TRI-STATE TELEPHONE & TELEGRAPH COMPANY v. MIKE HOLM.[1]

October 17, 1924.

No. 24,251.

**When statute does not require additional fee from foreign corporation.**

1. Section 6207, G. S. 1913, does not require that a foreign corporation, which has been authorized to do business in this state and which has paid a fee on the proportion of its capital then employed in this state, shall pay a further fee upon increasing the proportion of its original capital so employed. State v. Schmahl, 133 Minn. 175, adhered to.

**Fee required on proportion of increase in capital used in Minnesota.**

2. The statute requires such a corporation to pay a fee upon the proportion used in this state of any increase of its capital stock.

Upon the relation of the Tri-State Telephone & Telegraph Company the district court for Ramsey county granted its alternative writ of mandamus directed to Mike Holm, as Secretary of State, to compel the issue of a certificate that relator had complied with the statute relating to increase of capital stock. From the judgment entered pursuant to the order of Michael, J., making the alternative writ absolute, the secretary of state appealed. Affirmed.

*Clifford L. Hilton*, Attorney General, and *Rollin L. Smith*, Assistant Attorney General, for appellant.

*C. B. Randall*, for respondent.

TAYLOR, C.

In May, 1924, the relator, a foreign corporation authorized to do business in this state, increased its capital stock from $10,000,000 to $15,000,000. It presented to the secretary of state an affidavit, showing such increase and that the entire amount of its capital stock is represented by its property and business in this state. It

[1]Reported in 200 N. W. 296.

tendered therewith the sum of $2,500, the fee required for such an increase of capital stock, and demanded that the secretary of state issue the usual certificate showing that the corporation had complied with the laws of this state. The secretary refused to issue the certificate on the ground that the fee tendered was insufficient. The relator procured an alternative writ of mandamus from the district court of Ramsey county to compel the issuance of the certificate. At the hearing thereon the writ was made absolute and the judgment was entered directing the secretary of state to file the affidavit and issue the certificate on payment of the fee of $2,500. He appealed.

It is conceded that the sum of $2,500 is the fee required by statute to be paid upon an increase of capital stock in the sum of $5,000,000. It appears, however, that in 1903, when the relator was admitted to do business in this state, it had a capital stock of $6,000,000 of which only $50,000 was then represented by its property and business in this state and was the amount upon which it was required to and did pay a fee at that time. The remainder of its original capital stock is now employed in its operations in this state, and the question presented is whether the statute requires it to pay a fee on such remainder.

The appellant concedes that in the case of State v. Schmahl, 133 Minn. 175, 157 N. W. 1082, this question was decided adversely to his contention, but urges that that decision should be overruled. In that case it appeared that in 1914 this same corporation had increased its capital stock from the original amount of $6,000,000 to $10,000,000, and that 96 per cent of its entire capital stock was then represented by its property and business in this state. It thus appeared that the amount of the original capital then employed in this state was far in excess of the amount upon which the corporation had paid a fee when admitted to do business here. Whether it was required to pay a fee upon such excess was the question presented. The court held that the statute permitted a foreign corporation, authorized to do business in this state, to increase the proportion of its original capital employed in this state without the payment

of an additional fee. The court quoted from the statute (G. S. 1913, § 6207), and observed that it did not require an increase of the fee upon an increase of the proportion of the original capital stock used in this state, and then said:

"The legislature has seen fit to make a law which requires a foreign corporation when it comes into the state to pay a fee based upon the proportion of its capital stock then used in the state, and has imposed no requirement of an additional fee upon increase of the proportion of its original capital stock so used. The language of the provision plainly intended to deal only with cases of increase of capital stock and the increase of fees incident thereto. We construe the statute as requiring a foreign corporation, upon increase of its capital stock, to pay an additional fee based upon the proportion of the increase used in this state, and upon that only."

The statute, after providing that a foreign corporation doing business in this state shall file with the secretary of state a copy of its charter, and a sworn statement showing the proportion of its capital stock represented by its property and business in this state, and shall pay a prescribed fee upon such proportion of its capital stock, and that no increase of the capital stock shall be valid until the prescribed fee shall have been paid upon such proportion thereof, further provides:

"Upon compliance with the above provision by the corporation, the secretary of state shall issue to it a certificate that said corporation has complied with the laws of this state and is authorized to do business herein, stating the amount of its capital and of the proportion thereof which is represented in this state, which certificate shall be prima facie evidence that said corporation is entitled to all the rights and benefits hereof and of the valid creation and organization of such corporation; and such corporation shall enjoy those rights and benefits for the period of thirty years from and after the date of such certificate, unless its corporate existence shall sooner cease." G. S. 1913, § 6207.

We think the court construed the statute correctly in the case cited. In the absence of any provision for a readjustment of the

fee paid upon the original capital, and in view of the provision requiring the issuance of a certificate authorizing the corporation to do business in this state upon compliance with requirements which included the payment of a fee upon only that part of the capital stock then employed in the state, and of the further provision that such corporation shall enjoy all the rights and benefits conferred by the act, "for the period of thirty years from and after the date of such certificate," it is difficult to see how the court could have reached any other conclusion. Eight years have elapsed since that decision. Knowing the construction given the statute in its present form, the legislature has made no change.

It is urged that permitting a foreign corporation to do business in this state without paying a fee on the full amount of its capital employed in such business discriminates against domestic corporations which are required to pay fees upon the full amount of their capital stock. This argument seemingly overlooks the fact that a corporation must pay the fee required by the jurisdiction in which it is organized, and before it can do business in another jurisdiction must also pay the fee required by such other jurisdiction for the privilege of doing business therein. The fees required from a foreign corporation doing business in this state do not take the place of, but are in addition to, the fees required by the laws under which it is incorporated. But passing this, the power to determine the conditions upon which corporations may be permitted to do business in this state rests in the legislature, and the wisdom or propriety of the legislative determination cannot be questioned by the courts unless it infringes some constitutional right. We adhere to the construction given the statute in the former case and the judgment is affirmed.